## RESTRICTION AS TO CHARACTER OF BUILDINGS WHICH MAY BE ERECTED.

Circuit Court of Cuyahoga County.

CHARLES D. BOEHME ET AL v. MILTON E. BERTRAM.

Decided, November 14, 1910.

1. A restriction in a deed that the premises conveyed shall be used for "residence purposes only," means that a residence for one family only can be erected upon the premises.
2. One owner in an allotment who himself has violated such a restriction can not enforce it against another owner in the same allotment.

F. E. Bruml, for plaintiffs in error.
White & Crosser, contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The facts in this case are these:

There is an allotment of land in the city of Cleveland in this county known as Schatzinger & Tromain's Subdivision. This

allotment contains a large number of lots, most if not all of which have a frontage on the several streets of forty feet and a depth of one hundred and twenty-five. One of the streets passing through this allotment is No. 124.

A general plan and scheme was adopted by the original proprietors of this allotment by which the several lots were to be used for the purpose of dwelling-houses only. The original deeds for the lots fronting on 124th street had a restriction reading, "that said premises shall be used for residence purposes only; that no intoxicating liquors of any kind shall ever be sold or manufactured on said premises." The plaintiffs are the owners of lot No. 58 fronting on said 124th street. The defendant is the owner of lot No. 59, which fronts on the same street and adjoins said lot owned by the plaintiffs. The plaintiffs have erected on their said lot a dwelling-house, suitable and used for the residence of one family only.

Unless restrained by the order of the court the defendant will erect on his said lot a residence suitable and intended for the residence of four families. The purpose of the present action is to obtain an order perpetually enjoining the defendant from erecting the said four family building and residence.

Residences suitable and intended for the occupation of two families each have been erected on several of these lots fronting on 124th street and without any objection or remonstrance on the part of the plaintiffs or anybody else.

The plaintiffs themselves accepted a deed for one of the lots in this allotment containing a restriction that no residence for more than two families should be erected on the lot conveyed by such deed, and they conveyed this lot to another party with a like restriction.

The only question raised and the only defense here made by the defendant is that the plaintiffs are estopped from interfering with the defendant in the erection of the residence which he proposes to erect; and that is, a residence suitable for four families.

Our Supreme Court have decided in the case of *The Linwood Park Co.* v. *Dudley et al*, 63 Ohio St., 183, that where a lease contains a provision that the lessee would use such premises

for the purpose of a private dwelling or a residence only, that the letting out of rooms to temporary occupants in any dwelling on the leased premises was a violation of the restriction. And, in the case of *Rose* v. *King,* 49 Ohio St., at p. 213, it is held that a four-story building occupied by three families living in separate apartments on the second floor, and by two families living in separate apartments on the third floor, numbering in all sixteen persons, all tenants of one owner, is a tenement house as distinguished from a family residence, within the meaning of the statutes providing for the protection and the regulation of tenement houses. And we think that it may be regarded as settled that in Ohio, a restriction such as that contained in the deeds already mentioned, is violated by the erection of a dwelling, suitable and intended for the use of more than one family. That being so, it is clear that the original general plan of this allotment has been violated and the restriction in the deeds has been violated by each person who has erected a dwelling fitted for more than one family, and it is clear from the facts in the case, as has already been stated, that this has been done with the assent, that is, without any complaint on the part of the plaintiffs. And we therefore reach the conclusion that the general plan and the restriction in reference to the number of families for which a dwelling may be erected have been waived by the plaintiffs, and that they can not now be heard to complain that one is violating a restriction when he erects a dwelling suitable for four families. Because, having assented to the violation of the restriction (which we hold to be that dwellings shall be erected for one family only), to the extent of assenting to their being used for the residence of more than one family in each dwelling-house, it is not now in the mouth of the plaintiffs to say what number of families may be provided for in a dwelling-house on one of these lots.

The result is that the petition of the plaintiff is dismissed.